## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

EDDIE TAYLOR, JR
Reg #30186-044                                                    PETITIONER


VS.                          2:15CV00068 JLH/JTR


C V RIVERA, Warden,
Warden, FCI Forrest City                                        RESPONDENT


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

Mail any objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

# I. Background

Pending before the Court is a § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Eddie Taylor, Jr. ("Taylor"). *Doc. 1.* Before addressing Taylor's habeas claims, the Court will review the procedural history of the case.

On December 16, 2004, Taylor was indicted in the Eastern District of Missouri on: (1) one count of distribution of cocaine [Count I]; and (2) one count of attempted manufacture of five grams or more of methamphetamine [Count II]. *Doc. 1-1 at 33.* On March 10, 2005, the grand jury returned a Superseding Indictment which added various charges and amended the attempted manufacture of methamphetamine charge to increase the quantity to fifty grams or more.[1] *Doc. 1-1 at 30.* In the Superseding Indictment, the attempted manufacture of methamphetamine charge was designated as Count III.

On June 13, 2005, the day of trial, the Government filed a Motion to Amend Superseding Indictment to lessen the quantity of methamphetamine charged in Count III from fifty grams or more back to five grams or more, as alleged in the original Indictment. *Doc. 1-1 at 3-5.* The Government acknowledged that it "cannot establish beyond a reasonable doubt that the amount of methamphetamine defendant Taylor attempted to manufacture . . . was more than fifty grams as

---

[1] Regardless of the quantity of drugs involved, the essential elements of the attempted manufacture of methamphetamine are the same under 28 U.S.C. § 841(a)(1). However, the statute establishes a lesser penalty range for the attempted manufacture of more than five grams of methamphetamine, *see* 28 U.S.C. § 841(b)(1)(B) (2002), as compared to the greater penalty range for the attempted manufacture of more than fifty grams of methamphetamine, *see* 28 28 U.S.C. § 841(b)(1)(A) (2002).

alleged in Count III . . . [t]he provable weight is actually more than five grams, but less than fifty grams." *Id.* It also represented that defense counsel had "no objection to the change," and "agrees the modification as requested would not prejudice the defendant in any way." *Id.* The Government's Motion to Amend was granted in a "Docket Text Order" the same day. *Doc. 1-1 at 16*.

At trial, Taylor was convicted of: (1) possession of pseudoephedrine with intent to manufacture methamphetamine; (2) attempted manufacture of more than five grams of methamphetamine; and (3) felon in possession of a firearm. *Doc. 26-1 at 1*. On August 16, 2005, Taylor was sentenced to 240 months in the BOP. *Doc. 26-1 at 2*.

Taylor appealed his conviction to the Eighth Circuit, which affirmed on April 24, 2006. *United States v. Taylor*, 2006 WL 1069545 (8th Cir. 2006).

On December 11, 2006, Taylor filed a § 2255 Motion in the Eastern District of Missouri, arguing that: (1) the Government withheld exculpatory evidence from the defense; (2) his lawyer was ineffective; and (3) his sentence was illegal. *Doc. 21-2*. On October 17, 2008, the district court entered an Order denying § 2255 relief, and Taylor attempted to appeal. On September 30, 2009, the Eighth Circuit denied his request for a Certificate of Appealability.

On April 3, 2014, Taylor filed a Rule 60(d)(1) Motion for Relief from Judgment in the Eastern District of Missouri. He argued that the district court, in

granting the Government's Motion to Amend the Superseding Indictment, violated his Fifth Amendment right to be indicted by the grand jury. He also claimed that he was "actually innocent" of the attempted manufacture of more than five grams of methamphetamine because he was "tried on an offense not charged in the Grand Jury's Superseding Indictment."

On April 24, 2014, the district court dismissed Taylor's Rule 60(d)(1) Motion, construing it as a successive request for § 2255 relief, which had not been authorized by the Eighth Circuit. Taylor appealed, and on July 1, 2014, the Eighth Circuit summarily dismissed the appeal.

On August 18, 2014, Taylor initiated this *pro se* habeas action in the Western District of Virginia, where he was incarcerated at the time. *Doc. 1*. On May 5, 2015, before the Petition had been served, the case was transferred to the Eastern District of Arkansas.[2] *Doc. 9*.

In his Petition, Taylor argues that: (1) he is "actually innocent of the . . . 5 gram drug offense, because it was not charged in the Superseding Indictment;" and (2) "there is no existing Indictment in the District's Court's records which authorizes [his] detention." *Doc. 1*. Both of Taylor's claims are premised on the theory that, when the district court granted the Government's Motion to Amend Count III of the Superseding Indictment from the attempted manufacture of "more

---

[2] In October of 2014, Taylor was transferred to FCI Forrest City. *Doc. 3*. It appears that the Western District of Virginia did not screen the habeas Petition until several months after Taylor was transferred out of the jurisdiction.

4

than fifty grams" of methamphetamine to "more than five grams," it violated his Fifth Amendment right to be indicted by the grand jury.

Respondent argues that: (1) this Court lacks jurisdiction over Petitioner's claims in a § 2241 habeas action; and (2) Taylor's claims fail on the merits.[3] *Doc. 21.*

For the reasons discussed below, the Court concludes that it lacks jurisdiction, and recommends that this habeas action be dismissed, with prejudice.

## II. Discussion

It is well established that a federal prisoner must collaterally attack his conviction in a § 2255 action brought in the sentencing court. *Lopez v. Sanders*, 590 F.3d 905, 906 (8th Cir. 2010). However, the savings clause of 28 U.S.C. § 2255(e) permits a federal prisoner to challenge his conviction in a § 2241 habeas action, in the court of incarceration, when the § 2255 remedy is "inadequate or ineffective." *Id.* The prisoner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Id.*

Taylor argues that the § 2255 remedy is inadequate or ineffective because he was "procedurally obstructed" from asserting his habeas claims in his first § 2255 action because his lawyer provided him with a "deceptive docket sheet." According to Taylor, he was not aware at the time of trial that the Motion to

---

[3] Petitioner has also filed a "Motion for Summary Judgment" (*doc. 24*) and an "Emergency Motion Demanding Immediate Release" (*doc. 30*) restating his habeas claims.

5

Amend had been filed and granted. He alleges that the district court took up the motion in a pretrial hearing that he did not attend. He also states that, sometime in 2006, his lawyer concealed the amendment from him by providing a "deceptive docket sheet" that had been printed on May 31, 2005, and thus did not show any later docket entries including the Motion to Amend and the Order granting it. Taylor has attached the May 31, 2005 docket sheet as an Exhibit to his Petition.

Regardless of when or what sort of docket sheet Taylor's lawyer may have provided to him, he knew or should have known that the attempted manufacture of methamphetamine charge had been amended prior to trial: the jury's Count III verdict form expressly states that he was found guilty of the attempted manufacture of five grams or more of methamphetamine. *See doc. 1-1 at 37*. More importantly, in considering whether the § 2255 remedy is inadequate or ineffective, the Eighth Circuit has emphasized that the constitution does not require that a procedural opportunity to assert a postconviction claim in a § 2255 action be *recognized* by a defendant or his or her attorney. Instead, it merely requires that the procedural opportunity must have *existed. See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).[4]

---

[4] Taylor also suggests that his "actual innocence" of the attempted manufacture of more than fifty grams methamphetamine is sufficient to invoke the § 2255 savings clause. However, this argument simply ignores the fact that the District Court granted the Government's Motion to Amend the Superseding Indictment. To the extent Taylor believes he is "actually innocent," a defendant asserting his *factual* innocence may assert the claim in a successive § 2255 motion — provided he obtains permission from the court of appeals. *See* 2255 (h)(1); *Whitehorse v. United States*, 2014 WL 668176 (D. Minn. Feb. 20, 2014). The only type of "actual innocence" claim that has been recognized as cognizable in a § 2241 habeas action involve cases where the United States Supreme Court

Taylor could have raised his claims in a timely § 2255 action filed in the Eastern District of Missouri. The fact that he may now be procedurally barred from filing a § 2255 motion does *not* render that remedy inadequate or ineffective so as to permit utilization of § 2241. Stated differently, a § 2241 petition in the district of incarceration cannot be used to raise a claim which could have been or actually was raised in a direct appeal or a timely § 2255 motion in the sentencing district. *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).

Taylor is free to seek the Eighth Circuit's permission to pursue his claims in a successive § 2255 action in the Eastern District of Missouri. However, this Court lacks jurisdiction to consider them in a § 2241 habeas action.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this § 2241 Petition for a Writ of Habeas Corpus (*doc. 1*), along with Petitioner's Motion for Summary Judgment (*doc. 24*) and Emergency Motion Demanding Immediate Release (*doc. 30*), be DISMISSED, WITH PREJUDICE.

Dated this 9th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

reinterprets a criminal statute such that the defendant's conduct no longer violated the statute. *See Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255.")